## Robert C. Gibson, Executor, etc., v. Henry Reiselt et al.

1. ARGUMENT—*when opening and closing, properly given to defendant.* Where the burden of proof is upon the defendant to establish the only issue in the cause. it is proper to give to him the right of opening and closing the argument.

2. INSTRUCTIONS—*when error in, cannot be availed of.* An error in an instruction given cannot be availed of by a party who has caused the court to give another instruction containing a like error.

Action commenced before justice of the peace. Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

DAVID E. MACK and CHARLES J. SCOFIELD, for appellant.

APOLLOS W. O'HARRA and W. H. HARTZELL, for appellees.

MR. JUSTICE GEST delivered the opinion of the court.

This suit was brought before a justice of the peace to recover an alleged balance upon the following promissory note:

" $400.                     BURNSIDE, ILL., Feby. 1st, 1896.

December 31st, 1896, we promise to pay to James Gibson, or order, Four Hundred Dollars, value received, being as cash rent for land, without interest.

HENRY REISELT,<br>WM. REISELT,<br>ED. WILCOX."

Appeal was taken from the judgment of the justice of the peace to the Circuit Court. In the Circuit Court the case was tried four times. Twice the jury failed to reach a verdict, and twice the verdict was for the defendants. Upon the last trial the court upon the verdict rendered entered judgment against the plaintiff for costs. There are no pleadings in writing. Plaintiff claims that the defendants are entitled to a credit upon the note of $303.60 as of the date of March 13, 1899, and no more. Defendants claim that the note was fully satisfied by a settlement had in the lifetime of James Gibson between the defendant Reiselt, the principal in the note, and the plaintiff acting in behalf of James Gibson, and by him authorized thereto, whereby a quantity of corn in cribs and some other personal property of Reiselt were given and accepted in satisfaction of the note, and that such settlement was had and made in 1898. The issue made by oral statements of coun-

sel and the only issue in fact tried was whether the note had been satisfied as claimed by defendants. The burden of proving that issue lay upon the defendants. The Circuit Court so ruled and gave the opening and close of the case to the defendants. This ruling of the court is assigned and argued as error. The ruling of the Circuit Court was manifestly correct. It is also urged that the evidence fails to show that plaintiff was authorized by James Gibson to make the settlement alleged by defendants; that two of the instructions given at request of appellees are erroneous and that plaintiff's instruction number nine which was refused should have been given; that a new trial should have been granted on the ground of surprise to plaintiff upon the trial, and evidence discovered by him since the trial, and because the verdict is against the weight of the evidence. We do not think we would be justified in extending this opinion to the length required to review the evidence at large. There is evidence in this record sufficient to justify the jury in finding that the settlement claimed by defendants was in fact made and that the plaintiff was authorized by James Gibson to make it.

As to the error alleged to exist in appellee's instructions it is sufficient to say that the same alleged error exists in full substance in an instruction asked by plaintiff and given by the court. Plaintiff's refused instruction nine was properly refused because it required proof by defendants of payment in full of the note in order to entitle them to a verdict. The defendant's defense stated was not payment of the note but satisfaction thereof by the giving on one side and receiving on the other side of certain personal property in full discharge of the indebtedness. Payment of a note payable in money can only be made in money and dollar for dollar, but satisfaction of such a note may be made, if so agreed between the parties, by the giving and taking of articles of property of undetermined value.

The showing made in this record upon the matter of surprise and newly discovered evidence is wholly insufficient to warrant this court in remanding this cause to the Cir-

cuit Court for another trial, nor are we inclined so to remand on the ground that the verdict is against the weight of the evidence. The evidence is sharply contradictory. The case is peculiarly one for the trial court and jury. No error in the instructions and rulings of the trial judge has been shown. The controversy is over the sum of about one hundred dollars. Four trials have already been had. Another very possibly would result in the same verdict. It is time this litigation was at an end.

The judgment is affirmed.

*Affirmed.*